UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IRA ALAN ARIAS,<br><br>Defendant. | 1:17-CR-10025-RAL<br><br>ORDER ON MOTIONS IN LIMINE AND PRETRIAL MOTIONS |

On March 21, 2018, the Court held a pretrial conference and motion hearing. For the reasons explained during the pretrial conference and motion hearing, it is

ORDERED that the Government's Motions in Limine, Doc. 41, are granted to the extent that there be no reference by either side during voir dire, opening statements, witness testimony or closing argument—unless the Court rules differently after being approached outside the jury's hearing—of the penalty or punishment of Defendant if convicted, of any opinions of guilt or innocence of Defendant, of hearsay statements of Defendant offered by the Defendant to prove the truth of the matters asserted, or of matters and arguments that Defendant should have raised under Rule 12(b)(3) of the Federal Rules of Criminal Procedure. It is further

ORDERED that Special Agent Dan Orr may sit at the prosecution table, that the defense investigator may be present in the courtroom during trial, and that the alleged victim may be present in the courtroom during voir dire, opening statements, and after she has testified and been cross-examined, though this Court holds open and will entertain arguments from the Defendant as

1

to why she should be excluded from the courtroom prior to her testimony, and that all other witnesses are sequestered until released from subpoena. It is further

ORDERED that the Defendant's Motions in Limine, Doc. 44, are granted to the extent that there be no reference by either side during voir dire, opening statements, witness testimony or closing argument—unless the Court rules differently after being approached outside the jury's hearing—of the Defendant's incarceration or recent release from incarceration, of any alleged gang affiliation of Defendant, of any claim Defendant suffered from schizophrenia, or of any opinion of his own mother or any other witness that the Defendant's denial of the alleged offense in this case is untruthful. It is further

ORDERED that the Government's Supplemental Motions in Limine, Doc. 129, are granted to the extent that there be no reference during voir dire, opening statements, witness testimony or closing argument—unless the Court rules differently after being approached outside the jury's hearing—of reference to the Defendant's mental health. Further, counsel will refrain from any mention of the victim's possible depression and bipolar disorder during voir dire, opening statements, and witness testimony until this Court conducts a hearing outside of the hearing of the jury with the Defendant's proposed expert witness, Dewey Ertz, Ed.D., regarding his opinions on the effects of mental health conditions on an individual's ability to perceive and recall events. It is further

ORDERED that no introduction of the alleged victim's diary or excerpts be made into evidence, but that general questions regarding whether the alleged victim's diary entries precede events at issue or were contemporaneous with events at issue will be allowed. It is further

ORDERED that the Defendant's Motions in Limine to preclude introduction of certain evidence proposed by the Government, Docs. 42, 120, 121, are granted to the extent that statements

2

made by the victim to FBI Special Agent Dan Orr and Cass County Sheriff's Deputy Chad Thompson cannot be offered for the truth of the matters asserted under the residual hearsay claim. Further, the prior alleged inappropriate sexual comments or texts or behavior by the Defendant toward N.B., N.A., and E.A. are inadmissible because such evidence does not establish the Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident regarding the alleged offense for which Defendant is on trial pursuant to Fed. R. Evid. 404(b), and because these incidents represent "meaningfully different offense[s]" which "do not establish a pattern of behavior" necessary for admission as prior sexual acts under Fed. R. Evid. 413. United States v. Johnson, 54 Fed. App'x 453, 454 (8th Cir. 2002) (per curiam) (unpublished). However, the Defendant's Motions in Limine are denied with respect to the alleged prior sexual assaults by Defendant of J.L. and D.J.L. based on "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997). While evidence admitted under Fed. R. Evid. 413 is still subject to the balancing test under Fed. R. Evid. 403, that balancing test must be conducted in a manner that allows Rule 413 to have its "intended effect." United States v. Withorn, 204 F.3d 790, 794 (8th Cir. 2000). Here, the alleged prior sexual assaults of J.L. and D.J.L. are sufficiently similar to the alleged assault of the victim to justify admission under Rule 413 in that each of the alleged assaults occurred in places where the alleged victim was isolated, the Defendant is alleged to have used physical force against each victim to impose his sexual will, the Defendant knew each alleged victim (who each were relatively young females) and was identified as the perpetrator by each alleged victim. These similarities justify admission. See United States v. Holy Bull, 613 F.3d 871, 873 (8th Cir. 2010) (finding the testimony of a prior victim "revealed a pattern of abuse quite similar to the abuse alleged" in the case for which defendant was on trial); United States v.

3

Crawford, 413 F.3d 873, 875–76 (8th Cir. 2005) (holding the district court did not err by admitting evidence of a prior conviction for abusive sexual contact with an eight year old girl where defendant was on trial for abusive sexual contact with an eight year old minor). Although the alleged assault of J.L. took place 17 years prior to the alleged assault in this case, a lapse in time does not alone preclude admission of prior sexual assaults. See United States v. Gabe, 237 F.3d 954, 959–60 (8th Cir. 2001) (affirming a district court's admission under Rule 414 of testimony regarding a sexual assault which took place 20 years prior to the offense for which defendant was on trial where the abuse was "almost identical" to that alleged at trial). It is further

ORDERED that Defendant's conviction of a misdemeanor only arising out of the alleged prior sexual assault of J.L. may be introduced by Defendant, which in turn opens the door to the explanation that the Defendant was not prosecuted for the alleged sexual assault because J.L. left the area to serve in the military. It is further

ORDERED that the Defendant's motion to exclude the testimony of the Government's proposed expert witness, Brandi Tonkel, on the grounds that her testimony on child abuse is not properly subject to expert testimony and that her testimony constitutes impermissible vouching for the victim on the part of the Government, Doc. 93, is denied. Eighth Circuit precedent makes clear that qualified experts may inform a jury of characteristics in sexually abused children in child sex abuse cases. See United States v. Betcher, 534 F.3d 820, 826 (8th Cir. 2008); United States v. Kirkie, 261 F.3d 761, 765 (8th Cir. 2001); United States v. Running Horse, 175 F.3d 635, 638 (8th Cir. 1999); United States v. Whitted, 11 F.3d 782, 785 (8th Cir. 1993); United States v. St. Pierre, 812 F.2d 417, 419–20 (8th Cir. 1987). This Court previously determined in United States v. Poorman, 3:16-cr-30161-01, that Brandi Tonkel qualified as an expert and allowed her to testify on the proposed subject matter, and will do so again in this case. Furthermore, while a prosecutor

may not "place the prestige of the government behind a witness" by giving personal assurances of veracity or suggesting the accuracy of the witness's testimony is guaranteed by evidence not introduced to the jury, United States v. Tate, 915 F.2d 400, 401 (8th Cir. 1991), Brandi Tonkel's testimony does not constitute impermissible vouching. The Eighth Circuit rejected the argument that an expert witness's testimony in a child sex abuse case constituted vouching on behalf of the victim, holding that even though such testimony may "circumstantially support a determination that the victim's allegations [are] truthful, such a circumstantial inference is not tantamount to . . . vouching for the victim's truthfulness." Kirkie, 261 F.3d at 766. Tonkel's proposed testimony regarding the general characteristics of child sex abuse victims does not establish that the victim was sexually assaulted or vouch for the truthfulness of the victim's testimony, and appropriately leaves that determination to the jury. It is further

ORDERED that the Defendant's motion to exclude the testimony of the Government's proposed expert witness, Dr. Nancy Free, on the same grounds as those put forward against Brandi Tonkel, Doc. 121; Doc. 125, is denied for the reasons explained above. It is further

ORDERED that the Government produce and provide to the Defendant a more adequate notice of the nature of Dr. Nancy Free's opinions regarding the absence of any physical injury of the victim and any rebuttal testimony she may provide with respect to the impact of bipolar disorder on an individual's ability to perceive and recall events.

DATED this 22nd day of March, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE