UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| UNITED STATES OF AMERICA, | 1:17-CR-10025-RAL |
|---|---|
| Plaintiff, | |
| vs. | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| IRA ALAN ARIAS, | |
| Defendant. | |

On Friday, March 23, 2018, this Court held a hearing on pending defense motions to dismiss filed that day and two days before. The jury trial of the case had been set to begin on Monday, March 26, 2018. For the reasons explained during that hearing, it is hereby

ORDERED that the Defendant's Motion to Dismiss Superseding Indictments with Prejudice for Vindictive Prosecution, Doc. 130, is denied as Defendant failed to establish "vindictiveness" that is "bad faith or maliciousness" on the part of the Government. See United States v. Hirsch, 360 F.3d 860, 864 (8th Cir. 2004); United States v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005). It is further

ORDERED that the Defendant's Motion to Dismiss Second Superseding Indictment, Doc. 138, is granted without prejudice because the Second Superseding Indictment in each of the three counts omits an essential element in attempting to charge aggravated sexual abuse of a child under 18 U.S.C. §§ 1153, 2241(c) and 2246(2) in failing to set forth the required element that the defendant was at least four years older than the victim (or the victim was at least four

1

years younger than the defendant). See 18 U.S.C. § 2241(c); United States v. Graham, 572 F.3d 954, 955–57 (8th Cir. 2009); United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011); United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988) ("If an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute."). It is further

ORDERED that the Government's oral motion to dismiss the remaining charges in the Superseding Indictment and Indictment without prejudice is granted. It is further

ORDERED that no trial will occur in this case in Aberdeen next week. It is further

ORDERED that Defendant be released from United States Marshals Service custody at 5:00 p.m. CT today if he is not by that time facing any federal charges and not otherwise subject to detainer (as if on writ from state or tribal custody). It is finally

ORDERED that, if the Government indicts the Defendant anew on the same or similar charges, the Court will take judicial notice of this case and proceed with trial at the next available trial date in Aberdeen if Defendant wishes.

DATED this 23rd day of March, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE